IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITEDHEALTH GRP. INC. & | : | |
| THE UNITEDHEALTH GRP. INC. EMPLOYEE | : | |
| HEALTH BENEFIT PLAN, | : | CIVIL ACTION |
| Plaintiffs, | : | NO. 16-1026 |
| v. | : | |
| | : | |
| MACELREE HARVEY, LTD. & ELLEN F. | : | |
| NEFF, | : | |
| Defendants. | : | |

**Jones, II    J.**                                                                                   September 21, 2016

**<u>MEMORANDUM</u>**

UnitedHealth Group Inc. ("UHG") and UnitedHealth Group Inc. Employee Health Benefit Plan ("the Plan") (collectively "Plaintiffs") filed a Complaint against MacElree Harvey Ltd. ("MacElree Harvey") and Ellen F. Neff (collectively "Defendants") seeking declaratory relief pursuant to Section 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(3) ("Section 502(a)(3)") and the Declaratory Judgment Act, 28 U.S.C. § 2201. On August 23, 2016, this Court denied Defendants' Motion to Dismiss the Complaint. Before the Court is Defendants' Motion to Certify this Court's August 23, 2016 Memorandum and Order for Interlocutory Review pursuant to 28 U.S.C. § 1292(b) and Stay Pending Appeal, (Dkt No. 15), and Memorandum of Law in support thereof, (Dkt No. 15-2 [hereinafter Mot.]), and Plaintiffs' Response in opposition thereto, (Dkt No. 17 [hereinafter Resp.].) After a thorough review of the Motion and the parties' respective briefs, the Court GRANTS the Motion.

1

## I. Background

Ms. Neff is an eligible participant of Defendants' ERISA Plan ("the Plan"). (Compl. ¶ 4.) The Plan contains a subrogation and reimbursement provision. (Compl., Ex. A.) According to the Plan, if Ms. Neff is injured in a car accident, the Plan must pay for her medical expenses. (Compl., Ex. A.) If, after said payment, Ms. Neff then recovers from a third party, Ms. Neff must reimburse the Plan in full, without reduction for attorney's fees. (Compl., Ex. A.)

Unfortunately, Ms. Neff was involved in a car accident. (Compl. ¶ 14.) The Plan Administrator paid Ms. Neff the full cost of her medical expenses. (Compl. ¶ 15.) Ms. Neff hired MacElree Harvey to represent her in three third party lawsuits related to the accident. (Compl. ¶¶ 16-18.) Ms. Neff has recovered monies from two of these cases. (Compl. ¶¶ 17-18.) From the first suit's recovery, Ms. Neff fully reimbursed the Plan Administrator. (Compl. ¶ 24.) MacElree Harvey then sued the Plan Administrator in state court for attorney's fees under the common fund doctrine. (Compl., Ex. C.)

Plaintiffs filed this action. Under Count One, Plaintiffs argue that the Court may exercise its authority to issue equitable relief under § 502(a)(3) of ERISA because Defendants exhibited wrongful conduct by filing the State Court Lawsuit, thereby harming the Plan. (Compl. ¶ 32.) Under Count Two, Plaintiffs request the same declaratory judgments sought in Count One, pursuant to the Declaratory Judgment Act. (Compl. ¶ 36.)

Defendants filed a Motion to Dismiss arguing that Plaintiffs' claims failed to seek equitable relief under § 502(a)(3). (MTD.) The Court disagreed and denied Defendants' Motion to Dismiss. Defendants now request that the following question be certified for interlocutory appeal:

> Whether the terms of an ERISA Plan requiring a plan participant to reimburse the Plan in full without reduction for attorney's fees preempts or supersedes a claim brought by a

      third party attorney against the Plan for unjust enrichment under the common fund
      doctrine where the Plan has been reimbursed in full by the plan beneficiary.

(Mot. at 1.) Defendants also request that all proceedings be stayed pending the appeal. (Mot. at 1.)

## II.    Standard of Review

To grant this request for interlocutory appeal, the Court must find that Defendants' Motion raises "[1] a controlling question of law as to which [2] there is a substantial ground for difference of opinion[,] and [3] an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "[W]hile the district judge must certify that the order satisfies the three criteria, the discretion to grant leave to appeal at the circuit level is not limited by any specific criteria." *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974).

"[C]ertification is only appropriate in 'exceptional' cases." *See Alexander v. Wash. Mut., Inc.,* 2008 WL 3285845, at *2 (E.D. Pa. 2008) (citing *Piazza v. Major League Baseball,* 836 F. Supp. 269, 270 (E.D. Pa. 1993)). In exercising discretion to certify an order for an appeal under § 1292(b), the Court must remain mindful of the strong policy against piecemeal litigation. *See Orson, Inc. v. Miramax Film Corp.,* 867 F. Supp. 319, 321 (E.D. Pa. 1994) (citing *Piazza,* 836 F. Supp. at 270). The Court "must remember that . . . [a] motion should not be granted merely because a party disagrees with the ruling of the district judge." *Max Daetwyler Corp. v. Meyer,* 575 F. Supp. 280, 282 (E.D. Pa. 1983). "The key consideration is...whether the order...truly implicates the policies favoring interlocutory appeal...Those policies...include[] the avoidance of harm to a party pendente lite from a possibly erroneous interlocutory order and the avoidance of possibly wasted trial time and litigation expense." *Katz*, 496 F.2d at 756.

**III.  Discussion**

    **a.  The proposed appeal concerns a controlling question of law.**

"A controlling question of law must encompass at the very least every order which, if erroneous, would be reversible error on final appeal." *Katz*, 496 F.2d at 755. "[R]esolution of the issue need not be determinative of any claim on the merits, and a possible reversal of the relevant order need not terminate the litigation." *Bradburn Parent Teacher Store, Inc. v. 3M*, 2005 WL 1819969, at *3 (E.D. Pa. 2005) (citing *Katz*, 496 F.2d at 755). However, the Court should critically consider "whether a different resolution of the issue would eliminate the need for trial." *F.D.I.C. v. Parkway Executive Office Ctr.*, 1997 WL 611674, at *3 (E.D. Pa. 1997). The appealable issue must be a question of law, not fact. *See Link v. Mercedes-Benz of North America, Inc.*, 550 F.2d 860, 863 (3d Cir. 1977) ("1292(b) is not designed for review of factual matters but addresses itself to a 'controlling question of law.'").

In this case, a different resolution of the issue would lead to the dismissal of the vast majority of this lawsuit. Plaintiffs argue that the appealable issue is not a question of law, but rather a question of fact. (Resp. at 4-5.) According to Plaintiffs, the issue concerns the application of established law, *U.S. Airways v. McCutchen*, 133 S.Ct. 1537 (2013), to the unique facts of this case. (Resp. at 5.) Defendants argue that the application of *McCutchen* to the facts of this case is a resolution of an issue of law. This case concerns a controlling question of law, the resolution of which would terminate the vast majority of this case.

    **b.  The proposed appeal concerns an issue where there are substantial grounds for difference of opinion.**

"Substantial grounds for difference of opinion exist when there is genuine doubt or conflicting precedent as to the correct legal standard." *Bradburn Parent Teacher Store, Inc.*,

4

2005 WL 1819969, at *4. "The existence of conflicting judicial opinions provides support for certification of an appeal, as does the lack of binding precedent." *In re Chocolate Confectionary Antitrust Litig.*, 607 F.Supp.2d 701, 706 (M.D. Pa. 2009). "[C]ertification is inappropriate where the movant merely disagrees with an adverse ruling of the District Court." *Electric Mobility Corp. v. Bourns Sensors/Controls, Inc.*, 87 F.Supp.2d 394, 398 (D.N.J. 2000).

As the Court explained in its Memorandum, "The Supreme Court has mapped the spectrum from legal to equitable relief. No case is directly on point with the facts before this Court. However, the parameters of precedent provide the outline for this Court's holding." While the Court is steadfast that its holding conforms to the parameters of precedent, there is no directly applicable "binding precedent" for the Court's holding. Given that the Court's holding reflects the logical progression of, but not the simple reinforcement of, binding precedent, the Court finds that there are substantial grounds for difference of opinion as to the Court's holding.

### c. Granting the interlocutory appeal would materially advance the litigation's ultimate termination.

In assessing the likelihood that an interlocutory appeal would materially advance the ultimate termination of the litigation, this Court should consider "settlement possibilities...the potential length of a possibly avoidable trial, and similar matters." *Katz*, 496 F.2d at 754. "Several factors are pertinent in determining whether an immediate appeal would materially advance the ultimate termination of the litigation, including: (1) whether the need for trial would be eliminated; (2) whether the trial would be simplified by the elimination of complex issues; and (3) whether discovery could be conducted more expeditiously and at less expense to the parties." *Patrick v. Dell Fin. Svcs.*, 366 B.R. 378, 387 (M.D. Pa. 2007). "Where discovery is complete and the case is ready for trial an interlocutory appeal can hardly advance the ultimate

termination of the litigation." *Rottmund v. Continental Assur. Co.*, 813 F.Supp. 1104, 1111 (E.D. Pa. 1992).

This case is early in its life-cycle. Substantial discovery has not yet occurred. Further, should the Third Circuit reverse this Court's decision on ERISA preemption, the vast majority of this case will necessarily be dismissed. This case is well positioned for interlocutory appeal. The Court finds that interlocutory appeal will materially advance the litigation's ultimate termination.

## IV. Conclusion

The Court certifies the following question for interlocutory appeal pursuant to 28 U.S.C. 1292(b):

> Whether the terms of an ERISA Plan requiring a plan participant to reimburse the Plan in full without reduction for attorney's fees preempts or supersedes a claim brought by a third party attorney against the Plan for unjust enrichment under the common fund doctrine where the Plan has been reimbursed in full by the plan beneficiary.

The Court stays these proceedings and places this case on the Court's suspense docket pending the appeal.

BY THE COURT:

/s/ C. Darnell Jones, II

_____
C. Darnell Jones, II    J.